UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MICHAEL LAWRENCE CASSIDY,

    Petitioner,

v.                                                Case No. 4:20cv131-WS-HTC

MARK S. INCH,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

    Petitioner, Michael Lawrence Cassidy, proceeding *pro se*, filed an amended petition under 28 U.S.C. § 2254 challenging his conviction in the circuit court of Okaloosa County, Florida, Case No. 2010 CF 562. ECF Doc. 21. The matter was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).

    The Secretary moved to dismiss the amended petition as untimely, ECF Doc. 24 (with exhibits, including sealed exhibits at ECF Doc. 31), and the Petitioner has responded ECF Doc. 35 (with an appendix at ECF Doc. 32). As discussed more below, the crux of the untimeliness argument is whether the one-year statute of limitations was restarted for all three counts by Petitioner's October 2017 amended judgment which vacated only one count and left intact the two counts and associated sentences that are at the heart of the amended petition.

After considering the parties' written submissions and the relevant law, the undersigned recommends the motion to dismiss be DENIED and the Respondent be directed to file an answer to the amended petition (ECF Doc. 21). As discussed below, while there are no published Eleventh Circuit opinions speaking directly on this issue, based on a survey of cases across the nation, including district courts within the Eleventh Circuit, and the Circuit's unpublished decisions, the undersigned finds that the October 13, 2017 amended judgment is a new judgment as to all of Petitioner's counts, which restarted the one-year statute of limitations period for Petitioner to file a habeas petition, making the instant federal petition timely filed by one day.

## I.   BACKGROUND AND PROCEDURAL HISTORY

On May 30, 2012, the jury convicted Petitioner of three counts of sexual battery while in a position of familial or custodial authority for sexual battery against his niece. ECF Doc. 24-10 at 16 (Verdict). On August 8, 2012, the circuit court sentenced Petitioner to 25 years on count one, 10 years on count two, and 15 years' sex offender probation on count three. ECF Doc. 24-3 at 35 (Sentencing Transcript). The sentences on Counts 1 and 2 were consecutive to each other and to the probationary sentence in Count 3. *Id.*

Petitioner filed a direct appeal, and the First District Court of Appeal ("First DCA") affirmed *per curiam* and without written opinion on January 22, 2014.

*Cassidy v. State*, 130 So. 3d 229 (Fla. Dist. Ct. App. 2014). Petitioner did not attempt to invoke the jurisdiction of the Florida Supreme Court.

On March 10, 2014, Petitioner filed a motion for modification and for clarification of sentence. ECF Doc. 24-5. Petitioner asked the circuit court to clarify that the sentence imposed in writing was 35 years total imprisonment as orally pronounced during the sentencing hearing and also to modify that sentence to 15 years. The court denied the motion to modify. However, the court granted the request for clarification, stating, "It is further ordered that the judgement and sentence be corrected to reflect the sentence announced on the record which states as follows: Adjudicated guilty, Count 1, 25 years in the Department of Corrections. Count 2, 10 years in the Department of Corrections consecutive to count 1. Count 3, 15 years sex-predator probation consecutive to counts 1 and 2." ECF Doc. 24-7 at 2. An amended judgment was issued on May 23, 2014. ECF Doc. 24-13 at 8.

On June 4, 2014, Petitioner delivered to prison mail officials a Florida Rule 3.800 motion to correct illegal sentence. ECF Doc. 24-9 at 6. That motion was denied on June 19, 2014. ECF Doc. 24-10. Petitioner appealed the denial (First DCA case 1D14-3245), and the First DCA affirmed *per curiam* without written opinion on November 20, 2014. *Cassidy v. State*, 151 So. 3d 1233 (Fla. Dist. Ct. App. 2014).

In the meantime, on August 20, 2014 Petitioner delivered to mail officials a Florida Rule 3.850 motion for postconviction relief, which, as described below, was continuously pending until March 7, 2019. ECF Doc. 24-14. The original 3.850 motion was dismissed without prejudice to amend, and then amended, several times, resulting eventually in a fourth amended postconviction motion. That motion was granted in part and denied in part on August 7, 2017. ECF Doc. 31 at 551. With regard to Count 3, the court found that counsel was ineffective, vacated the conviction and ordered a new trial on that count. *Id.* at 554-55.

On August 22, 2017 Petitioner appealed the part of the August 7 order that denied relief on Counts 1 and 2 (case no. 1D17-3462), and the First DCA affirmed PCA without written opinion on December 27, 2018, *Cassidy v. State*, 263 So. 3d 749 (Fla. Dist. Ct. App. 2018) and issued its mandate on March 7, 2019.

On August 28, 2017, the State issued a *nolle prosequi* on Count 3 only. ECF Doc. 24-17. The circuit court then issued an amended judgment on October 13, 2017, which was identical to the original judgment except that it removed all reference to Count 3. ECF Doc. 24-18.

While the amended Rule 3.850 motion was pending, Petitioner filed several post-conviction motions. First, on January 14, 2015, Petitioner filed a petition for writ of habeas corpus in the circuit court, which was dismissed on January 26, 2015, with rehearing denied on February 11, 2015. Petitioner appealed (case no. 1D15-

868), and the First DCA affirmed the denial of the petition *per curiam* with a written opinion on November 5, 2015. *Cassidy v. State*, 178 So. 3d 540 (Fla. Dist. Ct. App. 2015) (the written opinion in full stated, "The remedy of habeas corpus is not available in Florida to obtain the kind of collateral postconviction relief available in the sentencing court pursuant to rule 3.850" and cited *Baker v. State*, 878 So.2d 1236, 1245 (Fla.2004)).

Second, on April 13, 2016, Petitioner filed an emergency petition for writ of habeas corpus in the Florida Supreme Court, which was transferred to the circuit court and docketed there. *Cassidy v. Jones*, No. SC16-537, 2016 WL 1446103 (Fla. Apr. 12, 2016). The circuit court dismissed the emergency petition on May 2, 2016, and denied rehearing on May 19, 2016. Petitioner appealed (case no. 1D16-2148), and the First DCA affirmed *per curiam* and without written opinion on November 23, 2016. Petitioner did not file a motion for rehearing.

Third, on December 19, 2017, he filed a petition for habeas corpus with the First DCA (case no. 1D17-5325), which the First DCA dismissed *per curiam* without written opinion on January 30, 2018. *Cassidy v. Jones*, 236 So. 3d 1161 (Fla. Dist. Ct. App. 2018). A motion for rehearing was denied on March 1, 2018. Also, on May 30, 2018, Petitioner filed a petition alleging ineffective assistance of counsel with the First DCA (case no. 1D18-2432). That petition was dismissed on November 7, 2018.

Case No. 4:20cv131-WS-HTC

Finally, on March 6, 2020, Petitioner filed the instant federal petition by delivering it to prison officials on that date. ECF Doc. 1 at 21.

## II. THE ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996 ("AEDPA")

Under 28 U.S.C. § 2244(d)(1), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of several trigger dates. For purposes of this amended petition, the only applicable trigger date is the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *See id.* § 2244(d)(1)(A). Also, under § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Petitioner's August 8, 2012 initial judgment and sentence became final on April 22, 2014, ninety (90) after the First DCA affirmed Petitioner's direct appeal. *See Bond v. Moore*, 309 F.3d 770, 773–74 (11th Cir. 2002)(holding a state prisoner's conviction becomes final when the U.S. Supreme Court denies certiorari, issues a decision on the merits, or when the 90-day period to file a petition for certiorari expires). The AEDPA clock, however, did not start running the next day because, in the interim, Petitioner had filed a motion for modification and clarification.

Although the circuit court granted the clarification and issued an amended judgment on May 23, 2014, because the amended judgment corrected only clerical errors, neither party argues that amended judgment restarted the AEDPA clock.

Thus, the AEDPA clock on the initial judgment was tolled until May 23, 2014, and began running the following day[1] for eleven (11) days, when Petitioner filed his 3.800 motion to correct illegal sentence. Because Petitioner filed and subsequently amended his 3.850 motion before the 3.800 motion was fully resolved, the AEDPA clock remained tolled until the 3.850 motion was fully resolved on March 7, 2019. Thus, as of that date, Petitioner had 354 days, or until Tuesday, February 25, 2020 to file his federal petition. Petitioner did not file the instant petition until March 6, 2020, which would make it untimely.

*However*, Petitioner argues the October 13, 2017 amended judgment, vacating Count 3, restarted the AEDPA clock even for challenges to Counts 1 and 2. If the AEDPA clock restarted on October 13, 2017, then the petition would be timely. First, the AEDPA clock was tolled from October 13, 2017 until March 7, 2019, when

---

[1] The tolling period stops on that day, without adding the 30-day time limit for an appeal because, although a Rule 3.800(c) motion for reduction or modification of sentence tolls the AEDPA statute of limitations, an order denying such a motion on the merits, as was Petitioner's, is not appealable under Florida law. *See Berki v. State*, No. 3D19-2151, 2020 WL 464983, at *1 (Fla. 3d DCA Jan. 29, 2020)("As the lower tribunal's order denying, on the merits, a Florida Rule of Criminal Procedure 3.800(c) motion to mitigate sentence is not an appealable order, we dismiss the instant appeal.")(citations to collected cases omitted); *McGee v. State*, 39 So.3d 1271 (Fla. 2d DCA 2010)("This appeal is dismissed for lack of jurisdiction because an order denying a motion filed pursuant to Florida Rule of Criminal Procedure 3.800(c) is not an appealable order."); *Winslow v. State*, 37 So.3d 974, 975 (Fla. 1st DCA 2010)("an order on a 3.800(c) motion is not appealable.").

Case No. 4:20cv131-WS-HTC

the 3.850 motion was fully resolved. Then, after it began running on March 7, 2019, Petitioner had until Monday, March 7, 2020[2], to file the instant petition. Having filed the instant petition on March 6, 2020 he met that deadline by one day.

## III.   A SURVEY OF RELEVANT CASES

In 2007, the Supreme Court decided *Burton v. Stewart*, 549 U.S. 147 (2007), holding that a judgment under the AEDPA consisted of both the conviction and the sentence. Burton was originally convicted and sentenced in 1994, resentenced in 1996, and had a second amended judgment and sentence entered in March 1998. *Id.* at 151. Neither the 1994 resentence or the 1998 amended judgment altered the underlying conviction, which was upheld on direct review. *Id.* at 150. In December of 1998, while direct review of the new sentence was still pending, Burton filed a federal petition attacking the validity of the 1994 conviction (without "pressing any sentencing claims"). *Id.* at 151. The petition was denied on the merits.

Once direct review of the new sentence was completed, Burton filed a second federal habeas petition, this time, challenging the constitutionality of the 1998 sentence on *Apprendi*[3] grounds. *Id.* at 152. The Supreme Court found the 2002 petition was a "second or successive" petition because when Burton filed his 1998 petition, he was "being held in custody pursuant to the same 1998 judgment, which

---

[2] We use 366 days rather than 365 because the leap day on February 29, 2020 is counted in the analysis.
[3] *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

Case No. 4:20cv131-WS-HTC

had been entered some nine months earlier" and, "[w]hen he filed his second petition, the 2002 petition, he was still being held in custody pursuant to the same 1998 judgment." *Id.* at 153.

Burton argued that had he not filed the 1998 petition and waited for the state review of his sentencing claims to be completed to file a habeas petition, his challenge to the 1994 conviction would have been time-barred. The Court disagreed, finding that "Burton's limitations period did not begin until both is conviction *and* sentence 'became final by the conclusion of direct review or the expiration of time for such seeking such review.'" *Burton*, 549 U.S. at 157.

That same year, and based on a remand by the Supreme Court in light of *Burton*, the Eleventh Circuit issued *Ferreira v. Secretary, Dept. of Corrections*, 494 F.3d 1286, 1293 (11th Cir. 2007). In the Eleventh Circuit's original opinion, the court "reasoned that when a petitioner who had been resentenced challenged only his underlying conviction in a habeas petition, the one-year statute of limitations … runs from the date the conviction became final, regardless of when the petitioner's corrected sentence became final." *Id.* at 1288. Upon remand, the court stated that, "[a]fter a thorough consideration of *Burton* and reconsideration of our relevant precedent, we now hold that AEDPA's statute of limitations runs from the date the judgment pursuant to which the petitioner is in custody becomes final, which is the date both the conviction *and* sentence the petitioner is serving become final." *Id.*

Ferreira was convicted in September 1997 and his conviction became final in December 1997. *Id.* After a failed postconviction motion, his AEDPA deadline expired in 2002, and, twenty (20) days later, Ferreira filed a 3.850 motion asking the state court to correct his sentence. *Id.* The circuit court granted the motion, resentenced Ferreira, and issued an amended judgment changing only the sentence. *Id.* After review in the state system, the amended judgment was affirmed, by mandate, on April 14, 2003. *Id.* On June 10, 2003, Ferreira filed his federal habeas petition, "including claims concerning only his original conviction and not his subsequent resentencing." *Id.* at 1288.

The *Ferreira* panel held that the 2003 amended judgment, changing only the sentence, nevertheless restarted the AEDPA clock for attacking the original conviction. *Id.* at 1293. According to the court, "[w]hen Ferreira filed his petition in the district court on June 10, 2003, he was 'in custody pursuant to' the 2003 judgment, which was based on the December 10, 1997 conviction and the April 14, 2003 sentence. Therefore, the April 14, 2003 judgment that imprisoned Ferreira controls the statute of limitations for this petition because the period begins to run when both the conviction *and* sentence are final." *Id.* at 1292 (internal citations omitted); *see also*, *Thompson v. Fla. Dep't of Corr.*, 606 F. App'x 495, 505 (11th Cir. 2015) ("The 2011 resentencing orders entered by the state trial court in this case, following a *de novo* resentencing hearing, expressly vacated Thompson's 1991

sentences and imposed new sentences. Although Thompson's resentencing did not alter his original convictions, the 2011 judgment, for the purposes of § 2244(d)(1)(A), comprised both his convictions and sentences.") (internal citations omitted).

Three years later, the Supreme Court decided *Magwood v. Patterson*, 561 U.S. 320, 331-33 (2010), finding that regardless of whether a claim could have been brought in the first application for habeas relief, a second petition is not "successive" if it is based on a new judgment. Magwood was sentenced to death by a state court and the judgment became final in 1984. *Id.* at 325. Eight (8) days before his scheduled execution, Magwood filed a federal habeas petition, which the district court "conditionally granted based on the trial court's failure to find statutory mitigating circumstances relating to Magwood's mental state." *Id.* at 326. The court, however, upheld Magwood's conviction.

The state court resentenced Magwood in September of 1986, again imposing death, and stating that the new "judgment and sentence [were] the result of a complete and new assessment of all the evidence, arguments, counsel, and the law." *Id.* The new judgment became final in 1989. After various state postconviction reviews and appeals, Magwood exhausted his state remedies in 1997 and filed a second habeas petition arguing "that his sentence was unconstitutional because he did not have fair warning at the time of his offense that his conduct would be

sufficient to warrant a death sentence under Alabama law, and that his attorney rendered ineffective assistance during the resentencing proceeding." *Id.* at 328.

Although the district court concluded, *sua sponte*, that the petition was not successive (and thus proceeded to the merits), on appeal the Eleventh Circuit reversed. The Supreme Court described the Eleventh Circuit's reasoning as follows: "[u]nder the Court of Appeals' approach, any claim that 'challenge[s] the new, amended component of the sentence' should be 'regarded as part of a first petition,' and any claim that 'challenge[s] any component of the original sentence that was not amended' should be 'regarded as part of a second petition.'" *Magwood*, 561 U.S. at 329. Construing such a claim as part of a second petition, the Eleventh Circuit concluded that the claim would be barred as a successive petition.

The Supreme Court, however, disagreed with that approach. Instead, the Court explained that the "1986 resentencing led to a new judgment," and, thus, petitioner's first application challenging that new judgment cannot be " 'second or successive' such that § 2244(b) would apply." *Id.* at 331.

The *Magwood* court, however, left open the question of whether the petition would have been successive if *Magwood* had attacked the undisturbed conviction. That question was answered by the Eleventh Circuit four years later in *Insignares v. Secretary, Florida Department of Corrections*, 755 F.3d 1273 (11th Cir. 2014).

Insignares filed his first federal habeas petition in 2007, which was dismissed as untimely. *Id*. at 1277. Subsequently, Insignares filed a 3.800 motion to correct sentence, which was granted. *Id.* The circuit court reduced the mandatory minimum imprisonment sentence from 20 years to 10 years, but otherwise left his conviction and sentence of 27 years intact. *Id.* Insignares then filed a Rule 3.850 motion, which was fully resolved on January 24, 2011. *Insignares*, 755 F.3d at 1277.

On March 10, 2011, Insignares filed a second federal petition, and the Eleventh Circuit agreed with the district court that this second petition was not successive, even though some of the arguments raised were similar to those raised in the first petition. *Id.* at 1281. In reaching its holding the court stated that "having reviewed *Magwood* and the cases of other circuits, we return to the basic proposition underlying *Burton* and *Ferreira:* there is only one judgment, and it is comprised of both the sentence and the conviction." *Id.*

Thus, it is clear from *Burton*, *Ferreira, Insignares*, and *Magwood*, that a judgment consists of a conviction and a sentence and even when an amended judgment alters only the sentence and not the underlying conviction, the amended judgment is a new judgment which restarts the AEDPA clock. A subsequent petition challenging that judgment is not successive under § 2244(b), regardless of whether the habeas petition attacks the new sentence, only the underlying conviction, or both. What those cases do not address is whether the same analysis applies to a multi-

count judgment and sentence, i.e., whether an amended judgment is a new judgment on all counts when it alters only one count and its associated sentence.

As discussed below, that question has been addressed by other circuits with differing conclusions. The Second and Ninth circuit have held that an amended judgment on one count serves as a new judgment on all counts, restarting the AEDPA clock and successive petition count. *See Johnson v. United States*, 623 F.3d 41, 45–46 (2d Cir. 2010); *Wentzell v. Neven*, 674 F.3d 1124 (9th Cir. 2012); *United States v. Lopez-Alvarez*, 842 F. App'x 167, 168 (9th Cir. 2021) (citing *Wentzell*).

On the other hand, the Third, Fifth and Seventh circuits have held that such a limited amended judgment does not serve as a new judgment on all counts. *See Romansky v. Superintendent Greene SCI*, 933 F.3d 293, 300 (3d Cir. 2019); *In re Lampton*, 667 F.3d 585 (5th Cir. 2012); *Turner v. Brown*, 845 F.3d 294 (7th Cir. 2017), *cert. denied*, 137 S. Ct. 2219 (2017). The other circuits have not yet weighed in.

And, although the Eleventh Circuit has not weighed in on this precise issue in a published opinion, it has in an unpublished opinion. The issue has also been addressed by the Middle District of Florida and the Middle District of Alabama, and in each case, the court has treated an amended judgment correcting or changing one count as a new judgment on all counts for AEDPA purposes.

In *Everett v. Sec'y, Fla. Dep't of Corr.*, 2019 WL 118016, at *4 (M.D. Fla. Jan. 7, 2019), a jury found Everett guilty in 2008 of first-degree felony murder (count one) and first-degree burglary of a dwelling with a battery while armed with a dangerous weapon (count two).  On the same day, the circuit court sentenced Everett to incarceration for a term of life as to both counts.  *Id.* at *1.  A state appellate court later held that Everett was improperly convicted of first-degree burglary on count two after being charged only with second-degree burglary, and, in 2014, the circuit court resentenced Everett on count two to fifteen years.  *Id.* at *2.

Later, Everett attempted to file a § 2254 petition attacking his original convictions.  Respondents argued the petition was untimely as to count one.  The district court disagreed, finding that "Everett's resentencing as to count two resulted in a new judgment, refreshing the statute of limitations period as to all claims related to both counts, including claims directed at the underlying convictions."  *Id.* at *4.  In reaching its decision, the district court cited the Ninth Circuit decision in *Wentzell*, *supra*, as well as *Maharaj v. Sec'y Dep't of Corr.*, 304 F.3d 1345 (11th Cir. 2002), holding § 2254 petition for writ of habeas corpus was not ripe for review because state judgment had not become final where petitioner had yet to be resentenced on one count, even though the sentences on the remaining counts were final.

In *Lynch v. Alabama*, 2021 WL 687703 (M.D. Ala. Feb. 3, 2021), *report and recommendation adopted*, 2021 WL 684177 (M.D. Ala. Feb. 22, 2021), a jury

convicted Lynch of three counts: first-degree robbery, second-degree theft of property, and reckless endangerment. On December 11, 2008, the trial court sentenced Lynch as a habitual offender to prison sentences of 60 years for his first-degree robbery conviction, 10 years for his second-degree theft conviction, and 1 year for his reckless endangerment conviction, all to run concurrently. *Id.* at *1. Lynch filed a federal habeas petition in 2011, which was denied in 2014. *Id.*

After another round of state postconviction applications for relief, the state trial court entered an order in 2016 vacating Lynch's conviction and sentence for second-degree theft of property, leaving in place his convictions for first-degree robbery and reckless endangerment. *Id.* at *2. Lynch filed a second federal habeas petition in 2017, seeking to have his convictions on first-degree robbery and reckless endangerment vacated. Applying *Magwood* and *Insignares*, the district court found that the June 2016 judgment vacating one count but keeping two other counts was a new judgment for all the counts because "the judgment authorizing [Lynch's] current confinement is the judgment of June 2016 entered upon the vacatur of his conviction for second-degree theft of property. That judgement 'replaced' the judgment entered upon his December 2008 sentencing." *Id.* at *3. Thus, the court found the AEDPA was restarted "even though—in light of Lynch's concurrent 60-year sentence for robbery—the length of Lynch's actual incarceration term was unaffected by the vacatur of his theft conviction." *Id.*

Although the Middle District of Florida recently reached a different conclusion in *Baldwin v. Sec'y, DOC*, 2021 WL 2315004, at *5 (M.D. Fla. June 7, 2021), that case is not analogous. In 1998, Baldwin was convicted of three counts: first-degree burglary with assault or battery (count one); sexual battery with a deadly weapon or great force (count two); and battery on a person 65 years or older (count three). *Id.* at *1. The trial court sentenced Baldwin as a violent habitual felony offender to concurrent terms of life in prison for burglary and sexual battery (counts one and two) and to ten years for battery (count three). *Id.* In 2006, Baldwin filed a 2254 petition which was denied. *Id.*

In 2011, the trial court directed the clerk to "correct page one of the Defendant's November 16, 1998 judgment and sentence to reflect that burglary with a battery, count one, is a first-degree felony punishable by life imprisonment (i.e., not a life felony)". *Id*. at * 2. Subsequently, based on additional post-conviction motions, the circuit court resentenced Baldwin in 2012 on count two, reducing the sentence from life to 179.5 months. *Id.* at *3. Baldwin filed a second § 2254 petition, and the district court dismissed the petition as successive. *Id.* According to the district court, the 2012 amended judgment was not a "new judgment" as to

count two because Baldwin was not "in custody" on that count as it "had already expired when it was imposed." *Id.* at *5.

In addition to *Everett* and *Lynch*, the Court finds the Eleventh Circuit's decision in *Smith v. Sec'y, Fla. Dep't of Corr.*, 691 F. App'x 555 (11th Cir. 2017) to be persuasive and most factually similar. In *Smith*, the Eleventh Circuit held that a judgment changing only a petitioner's term of probation (it converted Smith's "drug offender probation" to a "standard probation with the condition of at least (5) NA/AA meetings per week and random urine testing" and struck the Drug Farm Program as a condition of Smith's probation) was a new judgment. Specifically, the court stated that "Smith's 2013 resentencing—changing the terms of probation: his custody—established a new intervening judgment," and that his second petition was not successive even though "the grounds raised in Smith's petition relate only to alleged errors in Smith's original criminal proceeding." *Id.* at 556-57; *see also, Rocha v. Sec'y, Fla. Dep't of Corr.*, 692 F. App'x 576, 577 (11th Cir. 2017) (holding that an amended judgment that reflects a petitioner's success on one count can be considered a new judgment for all counts).

## IV. CASSIDY'S PETITION IS TIMELY

Applying those decisions here, the Court finds the petition to be timely filed. Notably, the circuit court issued an "Amended Judgment" and a "2nd Amended Amended Sentence" in October 2017, which not only omitted Count 3, but also

committed Petitioner to the custody of the Department of Corrections, for a term of 25 years on Count 1 and 10 years for Count 2, to run consecutively, with no period of probation to follow. ECF Doc. 24-7. Thus, Petitioner was "in custody" under the October 2017, amended judgment at the time he filed the instant federal petition, making it timely filed.

This is not a situation where Petitioner's sentence under Counts 1 or 2 had expired, as in *Baldwin*. This is also not a case where Petitioner's sentence as to any count was suspended. *See Cox v. Secretary Florida Department of Corrections,* 837 F.3d 1114, 1115 (11th Cir. 2016), cert. denied, 137 S. Ct. 2092 (2017) (rejecting argument that amended judgment was a new judgment because Cox received a suspended sentence as to the dismissed count and, thus, was never "in custody" on that count). This case is also not one in which the trial court never issued a new sentence, such as in *Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321 (11th Cir. 2017) (en banc), where the circuit court corrected an illegal sentence to exclude chemical castration with an order addressing only the castration. *See id.* at 1326.

Instead, this case is akin to *Insignares*, where the circuit court "entered [a] corrected sentence and new judgment," which remanded Petitioner to the custody of the department of corrections. *Insignares*, 755 F.3d at 1277. Thus, based on the guidance provided in *Burton*, *Magwood*, *Ferreia*, and *Insignares*, the Court finds that the October 2017 amended judgment and sentence, vacating count 3, is a new

judgment as to all counts for AEDPA purposes and restarted the AEDPA clock. The petition is, therefore, timely filed and the motion to dismiss the petition as untimely should be denied.

Accordingly, it is respectfully RECOMMENDED that:

1.   The Motion to Dismiss Amended Petition, ECF Doc. 24, be DENIED.

2.   That Respondent be directed to file a response to the amended petition (ECF Doc. 21) within sixty (60) days of the District Judge's Order adopting the report and recommendation.

3.   This case be referred back to the undersigned for further proceedings.

At Pensacola, Florida, this 16th day of August, 2021.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**


NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 4:20cv131-WS-HTC