UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


MICHAEL LAWRENCE CASSIDY,

     Petitioner,

v.                                      4:20cv131–WS/HTC

MARK INCH,

     Respondent.

_____

## ORDER OF DISMISSAL

Before the court is the magistrate judge's report and recommendation (ECF No. 36) docketed August 16, 2021. The magistrate judge recommends that Respondent's motion (ECF No. 24) to dismiss Petitioner's amended petition for writ of habeas corpus be denied. Respondent has filed objections (ECF No. 39) to the report and recommendation. For the reasons set out below, the undersigned declines to adopt the magistrate judge's report recommendation and grants Respondent's motion to dismiss Petitioner's amended habeas petition as time-barred.

I.

On May 12, 2012, Petitioner was convicted by a jury of three counts of sexual battery while in a position of familial or custodial authority. As orally pronounced by the state trial judge at sentencing, Petitioner was sentenced to 25 years' imprisonment on Count 1, 10 years' imprisonment on Count 2, and 15 years' probation on Count 3, all sentences to be served consecutively. The written Judgment and Sentence (ECF No. 24–2, p. 4), dated August 8, 2012, correctly reflected that Petitioner was sentenced to 10 years' imprisonment on Count 2 and 15 years' probation on Count 3 but mistakenly reflected that Petitioner was sentenced to 35 years' imprisonment on Count 1.

On May 16, 2014, in response to Petitioner's motion for modification of sentence and for clarification of sentence, the state trial judge denied Petitioner's motion for modification of sentence, granted the motion for clarification, and signed an Amended Judgment and Sentence to correctly reflect that Petitioner was sentenced to 25 years' imprisonment on Count 1, for a total of 35 years' imprisonment on Counts 1 and 2. No resentencing hearing was held, and no changes were made to the sentences that were orally imposed by the trial judge at sentencing. The state trial judge indicated that the amended sentence related back to the initial sentence imposed on August 8, 2012. *See* ECF No. 24–8, p. 6 (stating: "Done and Ordered in open court at Okaloosa County, Florida this 8th day of

August 2012, and signed 16th day of May, 2014.").

On August 20, 2014, Petitioner filed a motion for postconviction relief on all three counts. By order dated August 7, 2017, the state trial judge granted Petitioner's postconviction motion as to Count 3 only, vacated the Judgment and Sentence as to Count 3 only, and granted a new trial as to Count 3 only. On October 10, 2017, after the state entered a nolle prosequi on Count 3, the state trial judge issued a Second Amended Judgment and Sentence, removing all reference to Count 3, a count that resulted in a sentence of probation rather than imprisonment. The state trial judge did *not* vacate Petitioner's original sentences of imprisonment on Counts 1 and 2, did *not* hold a resentencing hearing, did *not* alter Petitioner's overall term of imprisonment, and did *not* alter Respondent's pre-existing authority to confine Petitioner. As he did on the First Amended Judgment and Sentence, the state trial judge indicated that the Second Amended Judgment and Sentence related back to the initial sentence imposed on August 8, 2012. *See* ECF No. 24–18, p. 6 (stating: "Done and Ordered in open court at Okaloosa County, Florida this 8th day of August 2012 and signed _____ day of _____ , 2014."). Immediately below the line stating "Done and Ordered . . . this 8th day of August 2012," the trial judge affixed his electronic signature with the date "10.10.2017." *See id.*

II.

Petitioner filed his federal petition for writ of habeas corpus on March 9, 2020. The magistrate judge determined that Petitioner's federal habeas petition was untimely *if* the federal habeas limitations period started on August 8, 2012, the date of Petitioner's original Judgment and Sentence. *However*, the magistrate judge concluded that Petitioner's 2017 second amended Judgment and Sentence restarted the federal habeas limitations period, making Petitioner's petition for writ of habeas corpus timely. Respondent objects to the magistrate judge's findings and conclusion with respect to the timeliness of Petitioner's habeas corpus petition, citing as authority the Eleventh Circuit's decision in *Osbourne v. Secretary, Florida Department of Corrections*, 968 F.3d 1261 (11th Cir. 2020).

## III.

In *Osbourne*, the Eleventh Circuit explained that a Florida court's amended sentence, imposed *nunc pro tunc*, did not qualify as a new judgment for purposes of restarting the federal habeas limitations period. *Osbourne*, 968 F.3d at 1267. In the Eleventh Circuit's words: "[U]nder Florida law, nunc pro tunc means 'now for then' and when a legal order or judgment is imposed nunc pro tunc it refers, not to a new or de novo decision, but to the judicial act previously taken." *Id.* at 1266; *see also Patterson v. Sec'y, Fla. Dep't of Corr.,* 849 F.3d 1321, 1327 (11th Cir. 2017) (*en banc*) (explaining that, under Florida law, "[a]n order that relates back to an

original sentence merely amends the original order and may not entitle the defendant to vacatur of the original judgment and entry of a new one"). Citing *Osbourne*, several federal district courts in Florida have determined that an amended judgment imposed *nunc pro tunc* is not a new judgment and does not restart the federal habeas limitations period. *See, e.g.*, *Heiser v. Sec'y, Dep't of Corr.*, No. 8:18cv1365–TPB–AEP, 2021 WL 4295270, at *4 (M.D. Fla. Sept. 21, 2021); *James v. Sec'y, Dep't of Corr.*, 499 F. Supp. 3d 1169, 1174 (S.D. Fla. 2020).

## IV.

Here, without using the words "*nunc pro tunc*," the state trial judge expressly stated that the Second Amended Judgment and Sentence was "Done and Ordered . . . on this 8th day of August 2012," the date of the original Judgment and Sentence. He thus made clear that the Second Amended Judgment and Sentence referred "not to a new or de novo decision, but to the judicial act previously taken." *Osbourne*, 968 F.3d at 1266. Under *Osbourne*, the starting date for determining timeliness of Petitioner's habeas petition was August 8, 2012; and when using that starting date, the magistrate judge correctly determined that Petitioner's habeas petition was untimely. As a result, Respondent's motion to dismiss must be granted.

Accordingly, it is ORDERED:

1. Respondent's motion to dismiss (ECF No. 24) Petitioner's amended petition for writ of habeas corpus is GRANTED.

2. Petitioner's amended petition for writ of habeas corpus (ECF No. 21) is DISMISSED as time-barred.

3. The clerk shall enter judgment stating: "All claims are dismissed."

4. The clerk shall close the case.

DONE AND ORDERED this __12th__ day of __October__, 2021.


s/ William Stafford
WILLIAM STAFFORD
SENIOR UNITED STATES DISTRICT JUDGE