UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MICHAEL LAWRENCE CASSIDY,

    Petitioner,

v.                                        Case No. 4:20cv131-WS-HTC

RICKY D. DIXON,[1]

    Respondent.
_____/

ORDER AND REPORT AND RECOMMENDATION

This cause is before the Court on Petitioner's Application for Certificate of Appealability, filed on December 2, 2021. ECF Doc. 43. The matter was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). For the reasons set forth below, the undersigned recommends the Certificate of Appealability be granted.

I.    **LEGAL STANDARD FOR GRANTING A CERTIFICATE OF APPEALABILITY**

Under 28 U.S.C. § 2253(c)(1), "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained

---

[1] Ricky D. Dixon succeeded Mark S. Inch as Secretary of the Florida Department of Corrections and is automatically substituted as the respondent. *See* Fed. R. Civ. P. 25(d). The clerk is directed to update the case file information to reflect Ricky D. Dixon as the Respondent.

of arises out of process issued by a State court." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

In the case of a petition dismissed on procedural grounds such as untimeliness, two questions must be resolved:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim ... a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted). Furthermore, under § 2253(c)(3), "any certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2)." *See also* Rules Governing § 2254 Cases, Rule 11 ("If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)").

Case No. 4:20cv131-WS-HTC

### III.  ANALYSIS

As set forth below, given the lack of any precedent from this Circuit directly on point, the undersigned finds reasonable jurists could disagree as to whether the petition was untimely, as well as whether the claims asserted have merit.

### A.  Whether Reasonable Jurists Could Debate the Court's Procedural Ruling

Respondent moved to dismiss the petition as untimely. The crux of the timeliness issue is whether an October 10, 2017 amended judgment vacating one count of the initial judgment and sentence[2] was an new judgment for purposes of re-starting the statute of limitations under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner argues it did, while Respondent argues it did not.

The Court, relying upon *Osbourne v. Secretary, Florida Department of Corrections*, 968 F.3d 1261 (11th Cir. 2020), found that the amended judgment was not a new judgment, but a *nunc pro tunc* judgment which did not restart the federal habeas limitations period.[3] As the Court explained, the state trial judge "did not vacate Petitioner's original sentences of imprisonment on Counts 1 and 2, did not hold a resentencing hearing, did not alter Petitioner's overall term of imprisonment,

---

[2] The state circuit court entered the amended judgment *after* a successful post-conviction motion resulted in the court vacating the judgment was to Count 3, ordering a new trial on that Count, and the State issuing a nolle prosequi as to Count 3.

[3] The Court, thus, did not adopt the Report and Recommendation, ECF Doc. 36, denying the motion to dismiss.

Case No. 4:20cv131-WS-HTC

and did not alter Respondent's pre-existing authority to confine Petitioner." Instead, "the state trial judge indicated that the Second Amended Judgment and Sentence related back to the initial sentence imposed on August 8, 2012" by affixing his signature with the date of October 10, 2017, after the statement "Done and Ordered in open court at Okaloosa County, Florida this 8th day of August 2012 and signed day of , 2014". ECF Doc. 40 at 3-4.

Petitioner argues in the motion for certificate of appealability that reasonable jurists could debate two issues (1) whether the October 10, 2017 order was merely a *nunc pro tunc* order and (2) whether "the vacating of one count of a multi-count judgment creates a new judgment under 2244(d) and 2254, thereby restarting the 1 year Federal clock." ECF Doc. 43 at 6. The undersigned agrees that reasonable jurists could debate these issues.

First, it is debatable whether the October 2017 judgment was a *nunc pro tunc* judgment where the exclusion of Count 3 was not based on a clerical error, but a later determination by the court that the judgment as to Count 3 should be VACATED AND SET ASIDE. *See Osbourne,* 968 F.3d at 1266, *citing Boggs v. Wainwright*, 223 So.2d 316, 317 (Fla. 1969) ("a court of record may, even after the term has expired, correct clerical mistakes in its own judgments and records, nunc pro tunc, and that such corrections generally relate back and take effect as of the date of the judgment, decree, order, writ, or other record, is well settled"). Specifically,

the trial court vacated and set aside Count 3 because defense counsel was ineffective for failing to examine Petitioner's deployment/travel documents to establish that Petitioner was in New Mexico, not Florida, during the period of time during which Petitioner was alleged to have engaged in sexual battery as set forth in Count 3. ECF Doc. 31 at 369-73, 555, 559.

Second, reasonable jurists could debate whether an amended judgment that vacates one out of three counts while leaving the other two intact is a new judgment as to all counts. This circuit has not addressed this precise issue[4] in a published opinion and the circuits that have addressed the issue are split. The Second and Ninth circuits hold that an amended judgment on one count serves as a new judgment on all counts, restarting the AEDPA clock and successive petition count. *See Johnson v. United States*, 623 F.3d 41, 45–46 (2d Cir. 2010); *Wentzell v. Neven*, 674 F.3d 1124 (9th Cir. 2012); *United States v. Lopez-Alvarez*, 842 F. App'x 167, 168 (9th Cir. 2021) (citing *Wentzell*). On the other hand, the Third, Fifth and Seventh circuits have held that such a limited amended judgment does not serve as a new judgment on all counts. *See Romansky v. Superintendent Greene SCI*, 933 F.3d 293,

---

[4] Although the Eleventh Circuit had an opportunity to address this issue in *Cox v. Sec'y Fla. Dep't of Corr.*, 837 F.3d 1114 (11th Cir. 2016), the court did not do so because the petitioner in that case "was never sentenced on Count 3 [the vacated count]" and, thus "has never been held in custody pursuant to Count 3." *Id.* at 1118. Therefore, the court specifically noted that it "need not take sides in a split between the Fifth and Second Circuits" on how to treat amended judgments that altered only one count of a multi-count judgment. Unlike *Cox,* however, Count 3 of Cassidy's judgment carried a substantial sentence.

300 (3d Cir. 2019); *In re Lampton*, 667 F.3d 585 (5th Cir. 2012); *Turner v. Brown*, 845 F.3d 294 (7th Cir. 2017), *cert. denied*, 137 S. Ct. 2219 (2017).

Thus, the undersigned finds Petitioner has met the first prong for a certificate of appealability. *See e.g., United States v. Beverly*, 2020 WL 1873546 at *3 (N.D. Fla. April 15, 2020) (granting COA on statute of limitations issue); *United States v. Anthony*, 2017 WL 2656022 (N.D. Fla. June 17, 2017).

### B. Whether Jurists of Reason Would Find It Debatable Whether the Petition States a Valid Claim of the Denial of a Constitutional Right

As stated above, the second prong to warrant a certificate of appealability requires Petitioner to show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Lamarca v. Sec'y Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). This does not mean Petitioner must show he will be successful on the merits, but simply that the claims asserted are debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) ("a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail").

The undersigned finds Petitioner has met that standard here. Petitioner raises the following nine claims in the amended petition: (1) prosecutorial misconduct by filing criminal charges outside the statute of limitations; conducting an unauthorized search of Petitioner's military service record; elicited false testimony from two state

Case No. 4:20cv131-WS-HTC

witnesses and violated the court's order regarding uncharged acts; (2) his trial was fundamentally unfair because accuser and another state witness committed perjury regarding his whereabouts on the date of a charged sex act; (3) his due process and equal protection rights were violated because Florida does not define "familial or custodial authority" as used in the statute under which he was convicted; (4) State failed to establish that Petitioner was in a position of familial or custodial authority; (5) Petitioner was deprived of his right to testify in his own defense at trial when the jury was given its charge prior to the trial court inquiring into Petitioner's desire to testify or not; (6) ineffective assistance of trial counsel when counsel rested without consulting Petitioner as to whether he wished to testify; (7) prejudicial evidence of uncharged crimes, ordered to be excluded by the trial judge, was nonetheless presented to the jury during trial and given to them during deliberations; (8) court failed to give lesser-included offense jury instructions to jury; and (9) Florida's Criminal Information Charging System is unconstitutional by permitting the prosecuting authority too much power without sufficient checks upon that power. ECF Doc. 21.

While offering no prediction whether Petitioner will eventually prevail on the merits, the undersigned finds that "the issues are adequate to deserve encouragement to proceed further." *See Cockrell*, 537 U.S. at 330. The undersigned recommends that jurists of reason would find that Petitioner states one or more valid claims of

denial of constitutional rights. Indeed, the undersigned previously screened the Petition under Rules Governing § 2254 Cases, Rule 4 and found it suitable for service.

Thus, the undersigned finds Petitioner has met the second prong for the issuance of a certificate of appealability.

## IV.   CONCLUSION

Accordingly, it is ORDERED:

The clerk is directed to update the case file information to reflect Ricky D. Dixon as the Respondent.

Additionally, it is respectfully RECOMMENDED that:

1.   The motion for certificate of appealability, ECF Doc. 43, be GRANTED.

2.   That a certificate of appealability be GRANTED on the following specific issues: (1) whether the October 10, 2017 order was merely a *nunc pro tunc* order under and (2) whether the vacating of one count of a multi-count judgment creates a new judgment under 2244(d) and 2254, thereby restarting the 1-year Federal clock.

DONE AND ORDERED this 22nd day of December, 2021.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**